IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SAMANTHA HAYNES; and<br>2. CALEB HAYNES,<br><br>      Plaintiffs,<br><br>vs.<br><br>1. HOMESITE INDEMNITY COMPANY; and<br>2. AFICS, INC.,<br><br>      Defendants. | Case No. |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Homesite Indemnity Company ("Homesite") and AFICS, Inc. ("AFICS"), with a full reservation of rights, defenses, exceptions, objections, and claims and without waiver thereof, hereby remove to this Court the state court action styled *Samantha Haynes and Caleb Haynes v. Homesite Indemnity Company and AFICS, Inc.*, Case No. CJ-25-182 from the District Court of Logan County, Oklahoma.

## BACKGROUND

1. On August 19, 2025, Plaintiffs filed this civil insurance action in the District Court of Logan County, Oklahoma (*See* Petition, attached as Exhibit 1). The Petition seeks and alleges damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (*See* Exhibit 1, Prayer for Damages at p. 5).

2. On August 19, 2025, Plaintiffs served a copy of the Summons and Petition upon

Defendant Homesite by delivery to the Oklahoma Insurance Department on that date (*See* Returned Summons with attached Receipt of Hand-Delivery to the Oklahoma Insurance Department, attached as Exhibit 2).

3. On August 26, 2025, Plaintiffs served a copy of the Summons and Petition upon Defendant AFICS by delivery to the Corporation Service Company on that date (*See* Returned Summons, attached as Exhibit 3).

4. As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders filed in this matter in the District Court of Logan County, Oklahoma (*See* Exhibits 1, 2, 3, 4 and 5). No other pleadings have been served upon Defendant Homesite nor Defendant AFICS.

5. Pursuant to 28 U.S.C.A. § 1446(a) and LCvR81.2, a copy of the docket sheet for this matter from the District Court of Logan County is attached as Exhibit 6.

## REMOVAL IS TIMELY

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it is being filed on September 8, 2025, within 30 days after receipt of the Oklahoma Insurance Company copy of the initial pleading on August 19, 2025, and after receipt of the Corporation Service Company copy of the initial pleading on August 26, 2025.

7. No previous Notice of Removal has been filed in or made to this Court.

8. No hearings have been scheduled by the District Court of Logan County, Oklahoma, in this matter.

## CONSENT TO REMOVAL

9. Pursuant to 28 U.S.C. § 1446(b)(2)(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. Defendant Homesite and Defendant AFICS agree and provide consent to the removal of this action to this Court from Logan County, State of Oklahoma.

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER
## 28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP

10. Removal under 28 U.S.C. §§ 1441, *et. seq.*, is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs; and complete diversity of citizenship exists between Plaintiffs and Defendants. 28 U.S.C §§ 1332 & 1441.

11. The United States District Court for the Western District of Oklahoma includes the county in which the state court action is now pending (Logan County). Thus, removal to this Court is appropriate. 28 U.S.C. § 1446(a).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN PLAINTIFFS AND DEFENDANTS

12. Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of filing the original Petition.

13. On information and belief, Plaintiffs are citizens of the State of Oklahoma. In the Petition, Plaintiffs allege they are residents of Logan County, State of Oklahoma. (*See* Petition, Ex. 1, at ¶ 1). Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th

3

Cir. 1994); *see also District of Colombia v. Murphy*, 314 U.S. 441 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *Smith v. Cummings,* 445 F.3d 1254, 1259-60 (10th Cir. 2006).

14. Defendant Homesite Indemnity Company is domiciled in the state of Wisconsin, with its principal place of business in Boston, Massachusetts. Therefore, at the time of filing, Defendant Homesite Indemnity Company was a citizen of Wisconsin and Massachusetts for purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

15. Defendant AFICS is incorporated under the laws of Wisconsin, with its principal place of business in Madison, Wisconsin. Therefore, at the time of filing, Defendant AFICS was a citizen of Wisconsin for the purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

16. Thus, at the time Plaintiffs' Petition was filed, Defendants were citizens of states other than Oklahoma and the Plaintiffs were citizens of Oklahoma. Accordingly, complete diversity exists (*See* 28 U.S.C. § 1332(a)).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. In their Petition, Plaintiffs pray for damages against Defendants "in an amount in excess of the limits for federal diversity jurisdiction". (*See* Ex. 1, Prayer for Damages at p. 5).

18. If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of the plaintiff's claims.

4

*Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993); *Maxcon v. Texaco Refining & Marketing Inc.*, 905 F. Supp. 976, 978-79 (N.D. Okla. 1995). The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." *Manguno*, 276 F.3d at 723. The amount in controversy is satisfied unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." *McPhail v. Deere & Co.*, 529 F.2d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Demands for punitive damages may be included in determining the amount in controversy. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151-52 (3rd Cir. 2009).

## NOTICE GIVEN

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs through their counsel of record. Further, notice of the filing of this Notice of Removal has been sent to the Court Clerk for the District Court of Logan County, Oklahoma.

## PRESERVATION OF RIGHTS

20. By removing this action to this Court, neither Defendant Homesite nor Defendant AFICS waive any defenses, objections, or motions available to it under state or federal law. Defendants Homesite and AFICS expressly reserve the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

21. If any question arises as to the propriety of this removal, Defendants request the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of their position that this civil action is properly removable. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

22. Additionally, Defendants Homesite and AFICS reserve the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event Plaintiffs move to remand.

WHEREFORE, based on the foregoing, Defendant Homesite Indemnity Company and Defendant AFICS, Inc. pray that the Court take notice of the removal of this civil action, that further proceedings in the District Court of Logan County, Oklahoma, be discontinued and that this action be recognized as removed to the United States District Court for the Western District of Oklahoma, and hereby requests that this Court retain jurisdiction for all further proceedings herein.

s/Michael T. Maloan
Michael T. Maloan-OBA# 15097
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
michaelmaloan@oklahomacounsel.com

ATTORNEYS FOR DEFENDANTS
HOMESITE INDEMNITY COMPANY AND
AFICS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of September, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato
Matthew C. Kane
Ryan Whaley
400 N. Walnut Ave.
Oklahoma City, OK  73104
Telephone: 405-239-6040
Fax: 405-239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com
      -and-
Susan F. Kane
Kane Advocates
629 W. Main St.
Oklahoma City, OK  73102
Telephone: 405-438-4357
skane@kaneadvocates.com
      Attorneys for Plaintiffs

                                    *s/Michael T. Maloan*